**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA**

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| | ) | |
| vs. | ) | |
| | ) | |
| Amos Ryker Galaviz, | ) | Case No. 1:25-cr-127 |
| | ) | |
| Defendant. | ) | |

Finding that Defendant qualified for representation under 18 U.S.C. § 3006A, the court issued an order on July 8, 2025, appointing the Federal Public Defender's Office to represent him. (Doc. No. 13). AFPD Max Rudy subsequently filed a notice of appearance on behalf of Defendant. (Doc. No. 19).

On June 15, 2026, Defendant filed a *pro se* motion requesting that the court appoint substitute counsel to represent him in this matter.   (Doc. No. 40). He asserts that he has substantial and irreconcilable differences of opinion with his current counsel that have let to an irreparable breakdown in the attorney-client relationship.

A criminal defendant as the right to counsel.  See U.S. Const. amend VI; see also Faretta v. California, 422 U.S. 806, 807 (1975) ("The Sixth and Fourteenth Amendments of our Constitution guarantee that a person brought to trial in any state or federal court must be afforded the right to the assistance of counsel before he can be validly convicted and punished by imprisonment."). "The right to counsel, however, is not absolute, and a court must beware that a demand for counsel may be utilized as a way to delay proceedings or trifle with the court." United States v. Williams, No. 2:21-CR-00027-1-JRG-CRW, 2024 WL 2145806, at *3 (E.D. Tenn. May 13, 2024) (internal

quotation marks omitted) (citing <u>United States v. Green</u>, 388 F.3d 918, 921 (6th Cir. 2004)); <u>see</u> e.g., <u>Mentzos</u>, 462 F.3d 830, 839 ("An accused does not have an absolute right to counsel of his own choosing . . . and a district court "may properly require the defendant to choose either to proceed pro se, with or without the help of standby counsel, or to utilize the full assistance of counsel, who would present the defendant's defense." (internal quotation marks omitted); <u>United States v. Davidson</u>, 195 F.3d 402, 407 (8th Cir. 1999) ("Nor is an accused guaranteed perfect representation or even a meaningful relationship' with counsel . . . . (internal quotation marks omitted)). "[A] 'persistent, unreasonable demand for dismissal of counsel and appointment of new counsel ... is the functional equivalent of a valid waiver of counsel.'" <u>Williams</u>, No. 2:21-CR-00027-1-JRG-CRW, 2024 WL 2145806, at *3 (quoting <u>Green</u>, 388 F.3d at 921); <u>United States v. Coles</u>, 695 F.3d 559, 562 (6th Cir. 2012) ("[A] defendant may engage in conduct which constitutes a waiver of his right to counsel." (citations omitted)); <u>Meyer v. Sargent</u>, 854 F.2d 1110, 1114 (8th Cir. 1988) (finding the "functional equivalent" of a knowing and voluntary waiver of the defendant's right to counsel where the defendant continued "to seek the removal of his appointed counsel, after being cautioned that no replacement counsel would be appointed."); <u>United States v. Moore</u>, 706 F.2d 538, 540 (5th Cir. 1983) ("[A] persistent, unreasonable demand for dismissal of counsel and appointment of new counsel ... is the functional equivalent of a knowing and voluntary waiver of counsel. In such an instance, the trial court may proceed to trial with the defendant representing himself."); <u>United States v. Thomas</u>, 357 F.3d 357, 363 (3d Cir. 2004) (finding that a defendant's refusal to cooperate with, verbal altercations with, and unreasonable demands of multiple court-appointed attorneys constituted valid waiver of right to counsel)).

Whether to accede to Defendant's request to appoint substitute counsel to represent him is

2

a matter committed to the sound discretion of the court.  United States v. Exson, 328 F.3d 456, 460 (8th Cir. 2003).  Defendant must show a justifiable dissatisfaction with counsel in order to be granted a substitute.  Justifiable dissatisfaction sufficient to warrant that new counsel be appointed includes a conflict of interest, an irreconcilable conflict, or a complete breakdown in communications between Defendant and his counsel.  Id. (quoting Smith v. Lockhart, 923 F.2d 1314, 1320 (8th Cir. 1991)).  The proper focus in evaluating claims of dissatisfaction with counsel is on the quality of the advocacy.  Defendant does not have the absolute right to counsel of her own choosing.  The primary aim of the Sixth Amendment is to guarantee an effective advocate for each criminal defendant, rather than to ensure that each defendant will be represented by the lawyer he prefers.  United States v. Johnson, 121 F.3d 1141, 1144 (8th Cir. 1997).

On June 24, 2026, the court convened an *ex parte* hearing on Defendant's motion with Defendant and AFPD Rudy. For the reasons articulated on the record at the close of the hearing, the court **GRANTS** Defendant's motion (Doc. No. 40). AFPD Rudy is authorized to withdraw. The court shall appoint substitute counsel in a separate order to represent Defendant in this matter

**IT IS SO ORDERED**.

Dated this 24th day of June, 2026.

*/s/ Clare R. Hochhalter*
Clare R. Hochhalter, Magistrate Judge
United States District Court

3